UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JIAYI GENG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-03139-JPH-MPB |
| | ) |
| THOMAS W. HARKER Acting Secretary of the Navy, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING DEFENDANT'S BILL OF COSTS**

On March 31, 2021, the Court granted Defendant's motion for summary judgment, dkt. 55, and entered final judgment in favor of Defendant and against Plaintiff, Jiayi Geng, dkt. 56. Defendant has filed a motion for $1,068.87 in costs. Dkt. 57. Ms. Geng opposes the motion. Dkt. 58. For the reasons below, Defendant's motion is **GRANTED**. Dkt. [57].

**I.
Applicable Law**

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—are to be allowed to the prevailing party." "Under Rule 54(d), district courts enjoy wide discretion in determining and awarding reasonable costs." *Northbrook Excess and Surplus Ins. Co., v. Proctor & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991).

## II.
## Discussion

Defendants seeks $1,068.87 to reimburse its cost of taking Ms. Geng's deposition. Dkt. 57 at 2. Ms. Geng opposes the motion, arguing that the deposition will also be relevant to another case, that she "lost at summary [judgment] on this case mainly due to lack of professional skills rather than lack of merits," and that she lacks the ability to pay. Dkt. 58.

Rule 54(d) "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). Within that discretion, district courts may decline to award costs against an indigent party. *Id.* at 634–35. However, indigence is a "narrow" exception rather than "a blanket excuse"—costs may still be awarded to "serve[ ] the valuable purposes of discouraging unmeritorious claims." *Id.* at 635–36.

The "threshold factual" question is whether the losing party is incapable of paying costs at this time or in the future. *Id.* at 635. Here, Ms. Geng cannot pay costs now, *see* dkt. 61, but she may be able to in the future. She is a highly educated engineer who has "been employed in the past" and therefore may "again be gainfully employed in the future." *Rivera*, 469 F.3d at 636; *see Bhat v. Accenture LLP*, 473 Fed. App'x 504, 507 (7th Cir. 2012).

Next, "the district court should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised." *Id.* Here, the amount of costs is modest—$1,068.87 for taking Ms. Geng's deposition. *See* dkt. 57. Defendant does not contend that Ms. Geng litigated in

2

bad faith, but it does argue that litigation carries financial risk, and that Ms. Geng has accepted that risk by litigating this case and her related case.  Dkt. 58 at 1; *see McGill v. Faulkner,* 18 F.3d 456, 460 (7th Cir. 1994) (When it comes to awards of costs, plaintiffs must "exercise discretion in their litigious activity and accept the consequences of their costly lawsuits.").  Finally, Ms. Geng litigated several issues in this case, and Defendant prevailed on all of them at summary judgment, triggering the presumption that it should recover costs.  *See Rivera*, 469 F.3d at 636.

On these facts, therefore, the "strong presumption that the prevailing party will recover costs" has not been overcome.  *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *see Walker v. City of Chicago*, 513 Fed. App'x 593, 597 (7th Cir. 2013).  Defendant is entitled to $1,068.87 in costs.

### III.
### Conclusion

Defendant's motion for $1,068.87 in costs is **GRANTED**.  Dkt. [57].

**SO ORDERED.**

Date: 5/20/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

JIAYI GENG
947 S. Baldwin Dr.
Bloomington, IN 47401

Jackson Taylor Kirklin
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
taylor.kirklin@usdoj.gov